John M. Morrison
MORRISON SHERWOOD WILSON DEOLA, PLLP
401 North Last Chance Gulch
P.O. Box 557
Helena MT 59624-0557
Phone: (406) 442-3261
Fax: (406) 443-7294
john@mswdlaw.com

Hayley Kemmick
RUSS PLATH LAW, LLC
2624 Minnesota Avenue
P.O. Box 1337
Billings, MT 59103-1337
Phone: (406) 534-4177
Fax: (406) 534-6717
hayley@russplathlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH, | Cause No.: _____ |
| Plaintiffs, | |
| vs. | Judge: _____ |
| PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, GOLDEN STATE CLAIMS ADJUSTERS, INC., SAFEBUILT INSURANCE SERVICES, INC. dba SIS WHOLESALE INSURANCE SERVICES and JOHN DOES I – V, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Come now the Plaintiffs, through counsel, and for their Complaint against the above-named Defendants, allege as follows:

## I.   Parties

1.   Plaintiff Kelly Porch is a resident of the State of Missouri, who was at the time of all the acts alleged herein residing and working in Billings, Montana.

2.   Plaintiff Michelle Porch is a resident of the State of Missouri.

3.   Upon information and belief, Preferred Contractors Insurance Company, RRG (PCIC) is a risk retention group insurer domiciled in the State of Montana that carried the commercial general liability insurance coverage for Ochoa's Construction, Inc. (Ochoa's) during the relevant time period.[1]

4.   Golden State Claims Adjusters (Golden State) is a California corporation in the business of insurance claims handling that is authorized to do business in the State of Montana and that served as the claims handling agent of PCIC with respect to coverage of Ochoa's.

5.   SafeBuilt Insurance Services, Inc. dba SIS Wholesale Insurance Services (SIS) is a California corporation and, on information and belief, is the parent company of PCIC.

---

[1]  Ochoa's was a subcontractor on the project involved in this case.   The situation is explained further below, but Ochoa's has assigned all of its rights against Defendant PCIC and Golden State to Plaintiffs.

6.     John Does I through V are parties not now known who may be added in the future as Defendants.

## II.   Jurisdiction and Venue

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the plaintiffs and all defendants and the amount in controversy exceeds $75,000.

8.     Venue is proper in the United States District Court for the District of Montana, Billings Division, pursuant to 28 U.S.C. § 1391(b)(2), and L.R. 3.2(b), because the injuries upon which the subject insurance claims are based occurred in Yellowstone County, State of Montana.

## III.   Factual Allegations

9.     In June of 2014, a Texas roofing company, Roofing & Restoration Services of America, LLC (RRSA), contracted with a former employee, Plaintiff Kelly Porch, to act as a direct seller as defined by 26 U.S.C. § 3508 to sell roofing contracts on several residential buildings in Billings, Montana. RRSA did not elect workers' compensation coverage for Plaintiff Kelly Porch and chose to treat Mr. Porch as a direct seller as defined by 26 U.S.C. § 3508 and thereby exempt from workers' compensation coverage under § 39-71-401(2)(f), MCA.

10.     On May 26, 2014, RRSA and Rambur Construction, Inc. (Rambur) entered into a Joint Marketing Agreement, pursuant to which RRSA and Rambur

acted together to solicit sales of roofing jobs in the Billings area following a significant hail storm in Billings.

11.    On July 10, 2014, Plaintiff Kelly Porch suffered a workplace injury arising out of, and in the course of his work as a direct sales contractor for RRSA. In particular, Mr. Porch severely injured his right foot, both kidneys, his lungs, his nose, his back, his right elbow and right leg on the job site, as described below.

12.    RRSA and Rambur hired Ochoa's to tear off and reapply materials on a house located at 3013 Harrow Drive in Billings, Montana. On July 10, 2014, Plaintiff Kelly Porch arrived at the job site with a project manager from RRSA, Paula Crouch. While at the job site, Plaintiff Kelly Porch and Ms. Crouch determined there was not enough material at the job site to complete the project. Mr. Porch attempted to communicate with the foreman for Ochoa's, who did not speak English. The foreman motioned for Mr. Porch and Ms. Crouch to go up on the roof and physically show him how they wanted the materials applied.

13.    Plaintiff Kelly Porch and project manager Crouch went up onto the roof with a ladder provided by Ochoa's. While on the roof, one of the employees from Ochoa's moved the ladder from the roof. When Mr. Porch was finished showing the foreman from Ochoa's how to apply the materials, he went back to the ladder that had been put back up on the side of the house by an employee of Ochoa's. The ladder was propped up on the gutter of the house. While Plaintiff Kelly Porch was climbing

down the ladder, the rain gutter broke causing the ladder and Plaintiff Kelly Porch to fall approximately 10-15 feet, knocking Mr. Porch unconscious and causing severe injury to him.

14.    Ochoa's knew or should have known that the placement of the ladder against the building rain gutter was unsafe and created a risk of serious injury to the Plaintiff and others. Ochoa's had a nondelegable duty to ensure that the job site was safe would not create a hazardous working condition for Plaintiff and others similarly situated.

15.    At all material times, Defendant PCIC provided coverage to Ochoa's Construction, Inc. under a Commercial General Liability Policy, policy number PC95125, effective June 6, 2014 through June 6, 2015, which was in effect at the time of Plaintiff Kelly Porch's injury.

16.    On information and belief, the events described in this Complaint were reported to PCIC not later than April 23, 2015.

17.    On information and belief, PCIC contracted with Golden State to administer claims under the Policy (TPA Contract), including making or participating in the decisions concerning whether to provide a defense to insured policyholders who reported claims against them. On information and belief, the TPA Contract required Golden State to handle claims pursuant to the terms of the Policy and applicable state law. Ochoa's, as an insured under the Policy, was an intended

third-party beneficiary of the TPA Contract. Pursuant to the TPA Contract, Golden State acted as the claim handling agent of PCIC and therefore the actions of Golden State alleged herein were also the actions of PCIC.

18.    By letter dated May 21, 2015, Defendants PCIC, together with and through its agent Golden State, notified the owner of Ochoa's that it would not cover Ochoa's and would not provide a defense to Ochoa's. See Refusal to Defend Letter, attached hereto as Exhibit 1.

19.    Plaintiffs' Complaint against insured Ochoa's alleged facts – which, if proved, would result in coverage.

20.    Defendants PCIC and Golden State had a duty to appear and defend Ochoa's. This duty is independent from and broader than the duty to indemnify created by the same insurance contract. This duty requires the insurer to appear and defend unless there is an "unequivocal" demonstration that the claim against an insured does not fall within the insurance policy's coverage. When they refused to defend PCIC's insured, PCIC and Golden State did so at their peril. Because they refused to defend unjustifiably, PCIC and Golden State are estopped from denying coverage and are liable for defense costs and judgments. The Montana Supreme Court has repeatedly made clear that, where an insurer believes it is not required to provide a defense under the policy, the prudent course of action is to defend the insured under a reservation of rights and file a declaratory judgment action to seek a

coverage determination. Defendants PCIC and Golden State ignored this well-established preferred approach to challenging coverage and instead simply refused to provide a defense, abandoning PCIC's insured and leaving Ochoa's exposed to financially catastrophic liability.

21.     On or about February 24, 2016, in order to protect itself from the exposure caused by PCIC's and Golden State's refusal to appear and defend, Ochoa's entered into a stipulated judgment and covenant not to execute and assigned to Plaintiffs all of its rights against Defendants PCIC and Golden State. Following a full and thorough reasonableness hearing on March 28, 2017, Honorable Judge Ingrid Gustafson of Montana's Thirteenth Judicial District Court, on March 30, 2017, entered judgment in favor of Plaintiffs Kelly and Michelle Porch and against Ochoa's in the stipulated amount of $4,700,000. Defendants PCIC and Golden State are jointly and severally liable for this amount. Moreover, as a result of their wrongful refusal to appear and defend, Defendants PCIC and Golden State have now lost the right to invoke insurance contract defenses as well as the right to assert policy limits.

22.     The claims stated herein were alleged in a prior state court proceeding that was removed to this Court as Case No. CV 17-93-SPW-TJC. After a motion for reconsideration by Defendants and briefing by the parties, this honorable Court issued an Order dismissing that action for procedural reasons with leave to refile.

The present Complaint was filed in response to that Order. Any applicable statutes of limitation were tolled by the prior proceeding pursuant to Montana's savings statute, § 27-2-407, MCA.

23.     On information and belief, PCIC is a mere agent of its parent company, Defendant SIS, because SIS exercises control over the conduct and activities of PCIC so that PCIC is merely acting on behalf of SIS and the actions of PCIC alleged herein are therefore also the actions of SIS rendering SIS jointly and severally liable for the conduct of PCIC.

24.     Alternatively, on information and belief, PCIC is the alter ego of SIS because corporate affairs of both are so intertwined that, in effect, each no longer has a separate identity. In particular, SIS fully owns PCIC, the two share the same directors and officers, and are involved in the same general business enterprise. In addition, on information and belief, PCIC and SIS share the same address, commingle funds and, most importantly, SIS has removed funds from PCIC in a manner that keeps PCIC undercapitalized. All of these facts render SIS jointly and severally liable for the conduct of PCIC as alleged herein.

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

Plaintiffs replead and incorporate all that is stated above and further allege:

25.     Plaintiffs now respectfully seek declaratory judgment, pursuant to §§ 27-8-201 and 202, MCA, that Defendant PCIC is liable for the $4,700,000

judgment entered by Montana's Thirteenth Judicial District Court as described above.

26.     Plaintiffs further respectfully seek declaratory judgment, pursuant to §§ 27-8-201 and 202, MCA, that Defendant Golden State is jointly and severally liable for the $4,700,000 judgment entered by Montana's Thirteenth Judicial District Court as described above.

### SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

Plaintiffs replead and incorporate all that is stated above and further allege:

27.     By abandoning its insured and refusing to provide a defense, Defendant PCIC breached its Commercial General Liability insurance contract with Ochoa's.

28.     By abandoning PCIC's insured and refusing to provide a defense, Defendant Golden State breached its TPA Contract with PCIC.

29.     As a direct and legal result of PCIC's breach of contract, Ochoa's incurred liability to Plaintiffs in the amount of $4,700,000, the claim for which has been assigned to Plaintiffs.

30.     As a direct and legal result of Golden State's breach of contract, Ochoa's incurred liability to Plaintiffs in the amount of $4,700,000, the claim for which has been assigned to Plaintiffs.

**THIRD CLAIM FOR RELIEF – BREACH OF IMPLIED COVENANT**

Plaintiffs replead and incorporate all that is stated above and further allege:

31.    The insurance contract between PCIC and Ochoa's—the Policy—contained an implied covenant of good faith and fair dealing. Defendant PCIC breached this covenant, which constitutes both a breach of contract and a tort.

32.    The TPA Contract also contained an implied covenant of good faith and fair dealing. Defendant Golden State breached this covenant, which constitutes both a breach of contract and a tort.

33.    As a direct and legal result of PCIC's and Golden State's violation of the implied covenants of good faith and fair dealing, Ochoa's incurred liability to Plaintiffs in the amount of $4,700,000 and other economic and non-economic damages including tort damages, the claim for which has been assigned to Plaintiffs.

**FOURTH CLAIM FOR RELIEF – UTPA**

Plaintiffs replead and incorporate all that is stated above and further allege:

34.    Defendants PCIC and Golden State, acting as alleged herein, misrepresented pertinent facts and insurance policy provisions relating to coverages at issue, refused to pay Ochoa's claim for defense without conducting a reasonable investigation based upon all available information, and neglected to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Ochoa's claim for defense for which liability had become reasonably clear.

35.     The conduct of PCIC and Golden State alleged herein violates the claim handling requirements of § 33-18-201, MCA (the UTPA), including at least subsections (1), (4), and (6), entitling Plaintiffs as third-party claimants and assignees of the first-party claim of Ochoa's to relief under § 33-18-242, MCA.

36.     As a direct and legal result of Defendants' violation of the UTPA, Plaintiffs and Ochoa's have suffered and will continue to suffer economic and non-economic damages, including but not limited to non-payment of the $4,700,000 judgment.

### FIFTH CLAIM FOR RELIEF – COMMON LAW BAD FAITH

Plaintiffs replead and incorporate all that is stated above and further allege:

37.     Defendants PCIC and Golden State's conduct alleged herein constitutes common law bad faith, which is actionable by Plaintiffs as third-party claimants. See *Brewington v. Employers Fire Ins. Co.*, 1999 MT 312, ¶ 14, 297 Mont. 243, 992 P.2d 237.

38.     If and to the extent that Golden State is determined not to be an insurer within the meaning of § 33-18-242, MCA, Golden State's common law bad faith is also actionable by Ochoa's, the claim for which has been assigned to Plaintiffs.

39.     As a direct and legal result of the bad faith conduct of Defendants PCIC and Golden State, Plaintiffs have suffered and will continue to suffer economic and

non-economic damages, including but not limited to non-payment of the $4,700,000 judgment.

## SIXTH CLAIM FOR RELIEF – MALICE

Plaintiffs replead and incorporate all that is stated above and further allege:

40.   The conduct of Defendants PCIC and Golden State as alleged herein constitutes actual malice as defined in § 27-1-221, MCA, entitling Plaintiffs to reasonable punitive damages.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendants as follows:

1.   For a Declaratory Judgment that Defendants PCIC and Golden State are liable for the $4,700,000 judgment entered by Montana's Thirteenth Judicial District Court on March 30, 2017;

2.   For other economic losses, including consequential economic damages;

3.   For general damages in an amount to be determined by a jury;

4.   For attorney fees pursuant to the Insurance Exception to the American Rule;

5.   For interest on the $4,700,000 judgment entered by Montana's Thirteenth Judicial District Court on March 30, 2017, at the statutory rate of 10% provided in § 25-9-205, MCA;

6.     For reasonable punitive damages against Defendants PCIC and Golden State;

7.     For a Declaratory Judgment that Defendant SIS is jointly and severally liable for the above described judgment, interest, attorney fees and compensatory and punitive damages;

8.     For costs of pursuing this suit; and

9.     For such other and further relief as the Court deems proper.

**Plaintiffs request a jury trial in this matter.**

DATED this 5th day of July, 2018.

By:    /s/ John M. Morrison
JOHN M. MORRISON
MORRISON SHERWOOD WILSON DEOLA, PLLP

HAYLEY KEMMICK
RUSS PLATH LAW, LLC

*Attorneys for Plaintiffs*