IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KELLY D. PORCH and MICHELLE R. PORCH, | CV 18-102-BLG-TJC |
| Plaintiffs, | **ORDER** |
| vs. | |
| PREFERRED CONTRACTORS INSURANCE COMPANY, RRG; GOLDEN STATE CLAIMS ADJUSTERS INC.; SAFEBUILT INSURANCE SERVICES, INC. d/b/a SIS WHOLESALE INSURANCE SERVICES, | |
| Defendants. | |

Plaintiffs Kelly D. Porch and Michelle R. Porch filed this action against

Defendants Preferred Contractors Insurance Company ("PCIC"), RGG, Golden

State Claims Adjusters Inc. ("Golden State"), and Safebuilt Insurance Services,

Inc. doing business as SIS Wholesale Insurance Services ("SIS"), arising out of

PCIC and Golden State's failure to defend an underlying lawsuit the Porch's

brought against Ochoa's Construction, Inc. ("Ochoa's"). (Doc. 29.) Plaintiffs

assert claims for declaratory relief, breach of contract, breach of the implied

covenant of good faith and fair dealing, violation of Montana's Unfair Trade

Practices Act ("UTPA"), common law bad faith, breach of fiduciary duty,

negligence, and punitive damages. (*Id.*)

1

Presently before the Court are Defendants' Motion for Summary Judgment (Doc. 62); SIS's Motion to Dismiss (Doc. 35); and PCIC and Golden State's Motion to Dismiss (Doc. 38). The motions are fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds Defendants' Motion for Summary Judgment should be **GRANTED**, and SIS, PCIC and Golden State's Motions to Dismiss should be **DENIED as moot**.

## I.      FACTUAL BACKGROUND[1]

In May 2014, Roofing & Restoration Services of America, LLC ("RRSA") and Rambur Construction, Inc. ("Rambur") entered into a Joint Marketing Agreement, pursuant to which RSSA and Rambur acted together to solicit sales of roofing jobs in the Billings, Montana area following a significant hail storm.

In June 2014, RRSA contracted with Plaintiff Kelly Porch to sell roofing contracts on several residential buildings in Billings.  RRSA chose to treat Mr. Porch as a direct seller as defined by 26 U.S.C. § 3508, and did not elect Workers' Compensation coverage for him.

RRSA and Rambur hired Ochoa's Construction, Inc. ("Ochoa's") to tear off and reapply materials to a residential roof in Billings.  On July 10, 2014, Mr. Porch

---

[1] The background facts set forth here are relevant to the Court's determination of the pending motions and are taken from the parties' submissions and are undisputed unless otherwise indicated.

arrived at the Ochoa's job site with a project manager from RSSA. While at the job site, Mr. Porch and the project manager went up onto the roof to physically show Ochoa's foreman how they wanted the materials applied. Mr. Porch used a ladder provided by Ochoa's to get onto the roof. While Mr. Porch was on the roof, one of the employees from Ochoa's moved the ladder and placed it against the rain gutter of the house. When Mr. Porch was climbing down the ladder, the rain gutter broke, causing the ladder and Mr. Porch to fall approximately 10-15 feet. Mr. Porch was knocked unconscious and severely injured. Mr. Porch alleges he injured his right foot, both kidneys, his lungs, nose, back, right elbow, and right leg.

At the time of Mr. Porch's accident, PCIC insured Ochoa's under a Commercial General Liability Policy, policy number PC95125, effective June 6, 2014 to June 6, 2015 (the "Policy").

Plaintiffs filed a Complaint and Demand for Jury Trial ("Complaint") on November 24, 2014, in the Montana Thirteenth Judicial District Court, Yellowstone County against Ochoa's and RRSA (the "underlying Complaint"). The underlying Complaint alleged Mr. Porch sustained damages "from a fall resulting from a negligently placed ladder on the job site." Neither PCIC, Golden State, nor SIS were named as defendants.

On April 23, 2015, PCIC was notified of the underlying Complaint. Golden State responded on behalf of PCIC, and informed Ochoa's by letter dated May 21, 2015, that no coverage existed for the allegations in Plaintiffs' Complaint, and that PCIC would be denying coverage for defense and indemnity.

On February 24, 2016, Ochoa's entered into a stipulated consent judgment and covenant not to execute, and assigned to Plaintiffs all of its rights against Defendants. Plaintiffs thereafter dismissed all defendants except Ochoa's.

On March 28, 2017, Judge Ingrid Gustafson of the Montana Thirteenth Judicial District Court held a reasonableness hearing with respect to Plaintiffs and Ochoa's stipulated consent judgment. Plaintiffs were present at the hearing and presented evidence in support of the reasonableness of the judgment; Ochoa's did not appear. On March 30, 2017, Judge Gustafson entered judgment in the amount of $4,700,000.00 in favor of Plaintiffs and against Ochoa's.

Subsequently, Plaintiffs were granted leave to file a Second Amended Complaint, which added PCIC and Golden State as defendants, and asserted various claims against them based on their coverage decisions with respect to Ochoa's. Defendants then removed the case to this Court, and sought dismissal on grounds that Judge Gustafson erred in permitting Plaintiffs to amend their complaint after judgment had been entered in the state court. (*Porch v. Ochoa's Const. Inc., et al.*, Case No. CV-17-93-BLG-SPW-TJC, Docket No. 80 (D.

Mont.).)  Ultimately, that action was dismissed on procedural grounds with leave to amend, and Plaintiffs filed the instant case on July 5, 2018.  (Doc. 1.)

Shortly thereafter, Plaintiffs filed a motion for partial summary judgment. (Doc. 13.)  Plaintiffs asked the Court to find Defendants breached their duty to defend Ochoa's, and were therefore liable for the Judgment entered by Judge Gustafson.  Plaintiffs argued their claim against Ochoa's fell within the insurance Policy's coverage, and that Defendants could not unequivocally demonstrate that there was no coverage under the Policy.  Defendants countered that Plaintiffs' claims were clearly and explicitly excluded from coverage under the plain terms of the Policy, and therefore, argued they had no duty to defend.

In August 2018, Plaintiffs filed a First Amended Complaint.  (Doc. 29.)  In response, Defendants each filed motions to dismiss.  (Docs. 35, 37.)

On March 11, 2019, the Court denied Plaintiffs' motion for partial summary judgment.  (Doc. 50.)  The Court found Defendants were justified in relying on the "Fall from Heights" exclusion in the Policy.  Therefore, the Court determined Defendants unequivocally demonstrated Plaintiffs' claims in the underlying complaint did not fall within the insurance Policy's coverage, and Defendants had no duty to defend Ochoa's as a matter of law.

Because Defendants had not filed a cross-motion for summary judgment, however, the Court noted that it was unclear how the case should proceed.  The

Court expressed doubt that any avenue remained for Plaintiffs to recover against Defendants. The Court also noted that it appeared Defendants' motions to dismiss were moot. Therefore, the Court set a status conference with counsel to discuss further proceedings in the case.

Following the status conference, Plaintiffs filed a document purporting to drop some of their claims, and asked the Court to *sua sponte* enter final judgment on their remaining claims so they could appeal the Court's Order denying their motion for partial summary judgment. (Docs. 58, 59.) The Court found Plaintiffs' proposal was inappropriate in light of the Ninth Circuit's decision in *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881 (9th Cir. 2003). Following a further status conference, Defendants filed the instant motion for summary judgment. (Doc. 62.)

## II.    DISCUSSION

A court will grant summary judgment if the movant can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted when the evidence presented is so conclusive that one party must prevail. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The moving party has the initial burden to submit evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts

are those which may affect the outcome of the case. *Anderson*, 477 U.S. 242, 248

(1986). A dispute as to a material fact is genuine if there is sufficient evidence for

a reasonable fact-finder to return a verdict for the nonmoving party. *Id*. If the

movant meets its initial responsibility, the burden shifts to the nonmoving party to

establish a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Here, the Court previously found there was unequivocally no coverage under

the Policy's "Fall from Heights" exclusion, and therefore, Defendants had no duty

to defend Ochoa's as a matter of law. (Doc. 50.)

Plaintiffs concede that if the Court does not revisit its prior ruling, none of

their claims can succeed. The Court finds its prior ruling should stand. Under the

"law of the case" doctrine, a court is generally precluded from reexamining an

issue previously decided by the same court, or a higher court, in the same case,

unless: "(1) the decision is clearly erroneous and its enforcement would work a

manifest injustice, (2) intervening controlling authority makes reconsideration

appropriate, or (3) substantially different evidence was adduced at a subsequent

trial." *Minidoka Irrigation Dist. v. Dep't of Interior of U.S.*, 406 F.3d 567, 573

(9th Cir. 2005) (citing *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002).).

Plaintiffs have not shown that any of these exceptions apply here.

Accordingly, for the reasons set for in the Court's Order denying Plaintiffs' motion for partial summary judgment (Doc. 50), Defendants are entitled to summary judgment in their favor as to all of Plaintiffs' claims in the First Amended Complaint.

## III. CONCLUSION

Based on the forgoing, **IT IS HEREBY ORDERED**:

1.      Defendants' Motion for Summary Judgment (Doc. 62) is **GRANTED**.

2.      SIS's Motion to Dismiss (Doc. 35) and PCIC and Golden State's Motion to Dismiss (Doc. 37) are **DENIED as moot**.

3.      Defendants' Motion for Oral Argument on Pending Motions (Doc. 39) is **DENIED as moot**.

4.      The Clerk of Court is directed to enter judgment in favor of Defendants.

**IT IS ORDERED.**

DATED this 26th day of August, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge